GEORGE McCULLEY AND EMILY McCULLEY, APPELLEES,
v. CLAUDIUS JONES, APPELLANT.

**Evidence** examined and *held* sufficient to sustain finding and judgment.

APPEAL by defendant from a decree of the district court for Butler county. Tried below before POST, J.

*George W. Lowley*, for appellant.

*E. R. Dean*, for appellees.

COBB, J.

This cause was tried in the district court before the judge without a jury. The findings and judgment of the court were for the plaintiffs. The defendant brings the cause to this court by appeal.

The question upon which the case turns, is: Did the defendant obtain the deed of conveyance for the land in question by duress and fraud, or either of them? The district court found this question in the affirmative, and it devolves upon this court to say whether such finding is sustained by the evidence given in the case. The testimony is conflicting. The plaintiff, George McCully, testifies in substance that he went to Seward in October to settle up with defendant; "I wanted to sell him the land and square up with him. He claimed that I owed him $750. * * * He wanted to know what I wanted for the land. I told him I wanted $1000 for it. He studied a while and said he would give me $600. He finally got to $650, but I told him I wouldn't take that; he said to let it go, it was some time before it was due and may be we could fix it up. A day or two after I got home he sent

35

up papers saying I had agreed to make a deed to the land for $650. I told the man who brought them I wouldn't make it. Then on the 3d of December he sent Mr. Osborne up and arrested me, charging me with obtaining money under false pretenses, and took me to Seward. I took two men with me to go on my bond. It was at the time court was in session here. They refused to take the men I took along. They then proposed if I would give a deed for $650, they would release me on my own bond, and I did so."

Q.  At the time you made this deed, where were you?

A.  In Norval Bros. office at Seward.

Q.  Were you at liberty?

A.  I was in custody.

Q.  Custody of whom?

A.  Mr. Neighart.

Q.  What was his position?

A.  Sheriff   *   *   *

Q.  What was your purpose in making that deed; what did you make it for?

A.  To be released.

Q.  At the time you made the deed what do you say the consideration was as stated?

A.  Six hundred and fifty dollars.

Q.  What did he give you for that?

A.  He gave me this $535 note and a credit on the $224 note.

Q.  If you had not been under arrest—had you been at liberty—would you have made the deed?

A.  I would not.

The witness was further examined at considerable length, and cross-examined by counsel for defendant. While much of his testimony is not as clear or satisfactory as might be desired, yet it is such that it is impossible for a reviewing court to say that it should

have been rejected by the trial court. And while it may be said that he was contradicted in some of his statements by other witnesses—some of whom were disinterested—yet the whole testimony being duly considered, I cannot say that such contradictions, or any discrepancies in the testimony are such as to call upon this court to disturb the findings of the district court. The other plaintiff, Emily McCully, also testifies among other things that her sole object in signing the deed was to release her husband, George W. McCulley, from imprisonment. None of the testimony tends to contradict her in this.

The two subsidiary questions raised by the testimony and arguments of counsel, to-wit: 1st. Whether the defendant charged the plaintiffs usurious interest on the money loaned them by him; and 2d. Whether defendant paid the plaintiff's debt to himself out of the money of his brother David and took the renewal notes to him in good faith, or whether the taking of the renewal notes to David Jones was a device to avoid the plea of usury, does not, in my opinion, properly enter into the merits of the case, and will not be further noticed.

I think that the finding and judgment is sustained by the weight of testimony; and most certainly there is not that want of sufficient testimony to sustain them always deemed necessary to justify a reversal.

The judgment and decree of the district court are therefore affirmed.

JUDGMENT AFFIRMED.